**CITIZENS FOR MOBILITY; Stuart Weiss; Donald F. Padelford; Richard Nelson; Richard Fike; Thomas Coad; Emory Bundy, Plaintiffs—Appellants,**

v.

**Norman MINETA, Secretary of Transportation; Rick Krochalis, Regional Director, Federal Transit Administration, Region X; Department of Transportation; Federal Transit Administration; Jenna Dorn, Administrator of the Federal Transit Administration; Central Puget Sound Regional Transit Agency, Defendants—Appellees.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

No. 03–35540.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Dec. 23, 2004.

John D. Alkire, Esq., Savitt & Bruce LLP, Seattle, WA, for Plaintiffs–Appellants.

Jon W. MacLeod, Esq., James Savitt, Savitt & Bruce LLP, Seattle, WA, for Plaintiffs–Appellants and Defendants–Appellees.

Brian C. Kipnis, Esq., John McKay, Esq., Paul J. Lawrence, Esq., Preston Gates & Ellis LLP, Seattle, WA, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Citizens for Mobility (Citizens) alleges that the environmental review by Sound Transit and the Federal Transit Administration (FTA) (collectively, "the agencies") for the Central Link Light Rail Project violated the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.* The district court granted summary judgment to the agencies, and we affirm. We have jurisdiction under 28 U.S.C. § 1291.

Citizens first argues that the agencies should have prepared a supplemental environmental impact statement (EIS) for the Initial Segment of the Central Link Light Rail Project. We set aside the agencies'

decision not to complete a supplemental EIS only if that decision was arbitrary and capricious. *Marsh v. Oregon Natural Res. Council,* 490 U.S. 360, 375–76, 109 S.Ct. 1851, 104 L.Ed.2d 377 (1989). The agencies completed an environmental assessment (EA) on the impacts of the Initial Segment, including the effects of running both buses and trains through the Downtown Seattle Transit Tunnel (Tunnel). The FTA issued a finding of no significant impact (FONSI) based on the EA. Assuming without deciding that NEPA applies, we hold that the FONSI was not arbitrary and capricious and, therefore, that no supplemental EIS was required.

To support the FONSI, the agencies must provide a "convincing statement of reasons" to explain why the Initial Segment's impacts are not significant. *See, e.g., Blue Mountains Biodiversity Project v. Blackwood,* 161 F.3d 1208, 1212 (9th Cir.1998). Citizens claims that fire, life, and safety issues require further analysis. The FONSI was based on evidence that a signal system would obviate the fire, life, and safety concerns raised by joint bus-rail use of the Tunnel. Because the agencies analyzed the safety impacts of the Initial Segment and based their FONSI on convincing evidence, the FONSI was not arbitrary and capricious.

The FTA must supplement an EIS whenever changes to the proposed action would result in significant environmental impacts that were not evaluated in the first EIS. 23 C.F.R. § 771.130(a)(1). Because a supplemental EIS is required only when proposed changes significantly impact the environment, *id.,* and the FONSI documents that the proposed change—from rail-only to joint bus-rail use of the Tunnel—does not significantly impact the

---

environment, the agencies were not required by NEPA to supplement the EIS.

Citizens also claims that the 1999 EIS violated NEPA because it failed to assess two alternatives, the Initial Segment and a transportation system management (TSM) baseline alternative. An EIS need not separately analyze alternatives that "are not significantly distinguishable from alternatives actually considered, or which have substantially similar consequences." *Westlands Water Dist. v. United States Dep't of Interior*, 376 F.3d 853, 868 (9th Cir.2004) (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 914 F.2d 1174, 1181 (9th Cir.1990)). According to the FONSI, the environmental consequences of the Initial Segment, including joint use of the Tunnel, are not significantly different from the alternatives considered in the 1999 EIS or in the EIS on the Tukwila Route. Therefore, the 1999 EIS did not need to consider the Initial Segment as a separate alternative.

Citizens' argument that the 1999 EIS should have included a TSM baseline alternative fails because NEPA does not require the analysis of such an alternative. Agencies seeking New Start funding must analyze baseline alternatives, 49 C.F.R. § 611.7(a)(3), but nothing in NEPA or its implementing regulations similarly requires the agencies to assess a TSM baseline alternative. Although the FTA must consider all reasonable alternatives in an EIS, 23 C.F.R. § 771.125(a)(1), we have been presented with no evidence that the TSM baseline alternative was a reasonable alternative that was excluded.

Finally, Citizens contends that the agencies violated NEPA by failing to identify mitigation measures for the safety risks that joint bus-rail use of the Tunnel will

create. NEPA requires mitigation only of adverse environmental impacts. 40 C.F.R. § 1502.16(h). The FONSI established that joint bus-rail use of the Tunnel would not cause adverse environmental impacts. Therefore, there are no adverse impacts to mitigate.

AFFIRMED.